# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-1100-MWF(FFMx) | Date: June 6, 2017 |
| Title: Adolfo Estrada, et al. *-v-* Gate Gourmet, Inc. et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Connie Lee | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE DEFENDANT'S MOTION TO DISMISS [13]; PLAINTIFF'S MOTION TO REMAND CASE [23]

Before the Court is Defendant's Motion to Dismiss, filed on March 14, 2017. ("Motion to Dismiss," Docket No. 13). Plaintiff filed an Opposition on March 27, 2017. (Docket No. 15). Defendant filed a Reply on April 3, 2017. (Docket No. 18).

In addition, on April 21, 2017, Plaintiff filed a Motion to Remand. ("Motion to Remand," Docket No. 23). Defendant filed an Opposition. (Docket No. 24).

The Court has read and considered the filings and held a hearing on June 5, 2017. For the reasons stated below the Motion to Remand is **DENIED** and the Motion to Dismiss is **GRANTED** in its entirety *with leave to amend.*

## I.   BACKGROUND

Plaintiff Adolfo Estrada was employed by Defendant as a Human Resources Generalist from September 2014 to August 2015, when he was terminated. (First Amended Complaint ("FAC"), Docket No. 11, ¶¶ 9–10). Plaintiff asserts he was never provided training or guidance with regard to Defendant's policies and procedures. (*Id.* ¶ 11). Plaintiff's supervisor told him in a meeting in December 2014 that he had been hired because he was a man and the supervisor wanted to reduce the "cattiness" of the office. (*Id.* ¶ 12). That particular supervisor resigned a few weeks later. After that Plaintiff began noticing his new supervisor, a female, was "acting biased towards him

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1100-MWF(FFMx)                    Date: June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

compared to his female co-workers." (*Id.* ¶ 15). When Plaintiff asked this supervisor with help completing his large amount of work she refused.

Plaintiff alleges that the supervisor began increasingly assigning him work as a result of his gender, and that he was the only male in the entire human resources department. (*Id.* ¶ 17). As a result of being the only male he was given more work than his female coworkers.

After Plaintiff suffered an injury at work in February 2015, and subsequently filed a workers' compensation claim, the discrimination against him increased. In March 2015 his supervisor told him that he needed to look for other positions within the company or else resign within 90 days. (*Id.* ¶ 20). Plaintiff filed a formal complaint concerning his supervisor's discriminatory conduct. (*Id.* ¶ 22). He never received a response.

Plaintiff was placed on a 60-day performance improvement plan ("PIP") on April 21, 2015. (*Id.* ¶ 23). A few weeks later Plaintiff's father died and he submitted a request to use his forty hours of accrued vacation time. Upon his return, however, he discovered his supervisor had given him credit for only two days of paid leave, instead of the five he had requested.

Plaintiff met with his supervisor every two weeks to discuss his PIP, but he refused to sign the PIP because he disagreed with his supervisor's comments regarding his performance. (*Id.* ¶ 28). In June 2015 Plaintiff was told he was required to work the graveyard shift or else resign. (*Id.* ¶ 30).

On July 2, 2015, Plaintiff felt face and arm numbness while at work. He feared he was experiencing a heart attack or stroke and asked a manager if he could go to the hospital immediately. The manager denied the request and told Plaintiff to write a report. Plaintiff then asked Defendant's Finance Manager and Safety Director if he could go to the hospital and his request was granted. He was informed at the hospital that he had suffered a mild stroke. (*Id.* ¶ 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

After his hospital visit Plaintiff learned that he was suspended for job abandonment and he should not return to work. (*Id.* ¶ 33). He filed another workers' compensation claim. Plaintiff was allowed to return to the office to work the graveyard shift. (*Id.* ¶ 35). On August 13, 2015, Plaintiff filed another workers' compensation claim. (*Id.* ¶ 37). On that same day he was terminated by Defendant due to a lack of improvement during his PIP.

Plaintiff and his wife filed the operative FAC on February 28, 2017, alleging claims of wrongful termination, gender discrimination, disability discrimination, retaliation, failure to prevent discrimination, and loss of consortium.

## II.  ANALYSIS

### A.  Motion to Remand

#### 1.  Legal Standard

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

#### 2.  Analysis

Plaintiff's Motion to Remand argues that Defendant Gate Gourmet is actually a citizen of California, and accordingly diversity jurisdiction does not exist here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

Plaintiff points to a printout from Defendant's website showing offices in California (as well as Georgia, Massachusetts, Canada, Illinois, Ohio, Texas, Michigan, Florida, Hawaii, Indiana, Nevada, Tennessee, New Jersey, Louisiana, Missouri, Washington, and Virginia).  (Ex. 3 to Motion to Remand).  Plaintiff also notes that Defendant has been named a defendant in at least eight employment suits in California and sought removal in only one action.  Plaintiff cites no legal authority for the significance of either of these facts.

Defendant responds that it is incorporated in Delaware and that its principal place of business is in Virginia.  The Court agrees with Defendant that Plaintiff seems to be confusing the test for "minimum contacts" to establish personal jurisdiction over a defendant, with the test from *Hertz Corp. v. Friend* for establishing the citizenship of the parties for purposes of diversity jurisdiction.  559 U.S. 77 (2009).  A corporation may have only one principal place of business for purposes of this test, the so-called "nerve center" or "brain" of the company.  *See id.* at 81, 93.  This is the company's "place of actual direction, control, and coordination."  *Id.* at 97.  Defendant does maintain offices in California, but its corporate headquarters is in Reston, Virginia. (Declaration of Laurie Dalton, Docket No. 24-1, ¶ 4).  Defendant's executive and senior management personnel are located at that headquarters.  (*Id.*).  The Court concludes that Defendant's principal place of business is in Virginia.

The Court also agrees with Defendant that its decision not to remove in other cases has no effect on the outcome of the *Hertz* test.  Again, Plaintiff seems to confuse Defendant's willingness to litigate in California state court, which might have been relevant to any personal jurisdiction argument made by Defendant, with a binding concession that Defendant's principal place of business is in California.  The decision to litigate a certain case in state court does not mean that a company's principal place of business automatically transfers to that venue.  Plaintiff cites no case for that proposition.

Accordingly, the Motion to Remand is **DENIED**.

**B.    Motion to Dismiss**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:     Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

### 1. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307, at *2 (9th Cir. Sept. 27, 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)				Date:  June 6, 2017
Title:	Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### 2. FEHA

The Motion first argues that Plaintiff's claims under the California's Fair Housing and Employment Act fail to state a claim.

#### a. *Gender Discrimination*

To state a claim for gender discrimination under FEHA, a plaintiff must allege that he suffered "an adverse employment action, such as termination, demotion, or denial of an available job" and that "circumstance suggests discriminatory motive" for the adverse action. *Guz v. Bechtel Nat'l. Inc.*, 24 Cal. 4th 317, 355, 100 Cal. Rptr. 2d 352 (2000).  Put another way, a plaintiff must factually allege a "set of circumstances that, if unexplained, permit an inference that it is more likely than not the employer intentionally treated the employee less favorably than others on prohibited grounds." *Jones v. Dep't of Corr. & Rehab.*, 152 Cal. App. 4th 1367, 1379, 62 Cal. Rptr. 3d 200 (2007).  This requires pleading a "nexus" between the alleged discriminatory conduct that led to the termination and the plaintiff's gender.  *Id.* at 1380.

Under FEHA, a plaintiff may establish a prima facie case of discrimination either by adducing direct evidence of discriminatory intent, or by satisfying the first prong of the burden-shifting test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973*). See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2004) ("For a prima facie case, Vasquez must offer evidence that 'give[s] rise to an inference of unlawful discrimination,' either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent"); *Guz*, 24 Cal.4th at 354 ("This so-called *McDonnell Douglas* test reflects the principle that direct evidence of intentional discrimination is rare, and that such claims must usually be proved circumstantially").  Part of that prima facie case is establishing that "similarly-situated individuals outside [his] protected class were treated more favorably."  *Day v. Sears Holding Corp.*, 930 F. Supp. 2d 1146,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                         Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

1161 (C.D. Cal. 2013) (discussing the prima facie case under FEHA for claims of gender discrimination).

Defendant argues that Plaintiff has failed to state a claim under this standard. First, Defendant asserts that Plaintiff has not pleaded any nexus between his termination and his gender. Defendant also argues that each of Plaintiff's allegations of discrimination is conclusory and unsupported by any factual allegations. Finally, Defendant points to Plaintiff's failure to allege that his female coworkers were similarly situated to him, and thus can be used as a reference point in determining whether he was discriminated against by his supervisor with respect to work assignments.

The Court agrees that Plaintiff's allegations are inadequate under the *Iqbal* standard. Plaintiff's FAC is completely devoid of any factual allegations that might put Defendant on notice of what conduct was supposedly undertaken as a result of Plaintiff's gender. Instead, Plaintiff conclusorily alleges that his supervisor had an "apparent dislike" for Plaintiff due to his gender. (FAC ¶ 21). But the FAC lacks any facts to support such an allegation. Plaintiff points to sections of the FAC that allege certain actions were taken "because of [Plaintiff's] gender," but such conclusory allegations are inadequate under the operative pleading standard.

Furthermore, the Court agrees that Plaintiff's FAC alleges gender and disability discrimination, as well as retaliation, based on precisely the same conduct by Defendant's employees. Defendant has not been put on notice of why that conduct could constitute gender discrimination because Plaintiff has failed to support the conclusory allegation with any factual underpinning. With respect to the nexus requirement, the Ninth Circuit has recently clarified the "what" that the *Iqbal* standard requires:

> When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are "merely consistent with" their favored explanation but are also consistent with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                      Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

> the alternative explanation. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, *see Twombly*, 550 U.S. at 554, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.

*In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). Here, the obvious alternative explanation is that Plaintiff was terminated due to his subpar performance and because that performance did not improve after he was placed on the PIP. Without any factual allegations of such, Plaintiff's claims are not plausible.

Finally, the Court agrees that Plaintiff has failed to sufficiently allege that his female coworkers were similarly situated to him. The primary basis for Plaintiff's gender discrimination claim is his allegation that he received more work than his female counterparts. This increased work caused him to fall behind, which snowballed into his ultimate termination. But Plaintiff never alleges that his female coworkers were equally situated to him, or alleges facts that explain away the possibility that the work might have been given to him for some other, non-discriminatory, reason.

The Court concludes that Plaintiff's allegations with respect to gender discrimination are inadequate under the *Iqbal* pleading standard. Accordingly, the Motion is **GRANTED** with respect to this claim.

Defendant argues that any dismissals as a result of the Motion should be with prejudice. Plaintiff's prior Complaint was challenged in a Motion to Dismiss that made many of the same arguments presented in the instant Motion. (Docket No. 9). In response to that Motion Plaintiff filed the FAC. Defendant argues, and the Court agrees, that Plaintiff has failed to correct the deficiencies of his allegations noted in the original Motion to Dismiss, despite the opportunity to do so in the FAC. The Court is dubious that allowing a second amendment to the Complaint would result in sufficiently pleaded allegations given Plaintiff's failure to correct the original allegations in the FAC. Nonetheless, the Court will allow one additional amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                       Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

No further leave to amend will be given.  Accordingly, the dismissal is *with leave to amend*.

### b. *Disability Discrimination*

Defendant argues that Plaintiff's claim for disability discrimination under FEHA similarly fails.  "On a disability discrimination claim, the prima facie case requires the plaintiff to show he or she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability."  *Wills v. Super. Ct.*, 195 Cal. App. 4th 143, 159–60, 125 Cal. Rptr. 3d 1 (2011).  The plaintiff "must at least show actions taken by the employer from which one can infer, if such actions remained unexplained, that it is more likely than not that such actions were based on a [prohibited] discriminatory criterion[.]" *Guz*, 24 Cal. 4th at 355.

The FAC alleges that Plaintiff suffered from severe anxiety and stress as a result of the conditions at work.  The California courts have determined, however, that such an undesirable workplace environment does not constitute a disability under FEHA: "An employee's inability to work under a particular supervisor because of anxiety and stress related to the supervisor's standard oversight of the employee's job performance does not constitute a disability under FEHA." *Higgins-Williams v. Sutter Med. Found.*, 237 Cal. App. 4th 78, 84, 187 Cal. Rptr. 3d 745 (2015).  As a result, Plaintiff's disability discrimination claim must be dismissed as a matter of law.

In addition, as an independent grounds for dismissal, the Court agrees that Plaintiff has failed to adequately allege that he could adequately perform the duties of his job with or without accommodations.  The FAC states merely that Plaintiff was "able to perform the essential duties required of him."  (FAC ¶ 84).  This recitation of the statutory language is insufficient under the *Iqbal* standard to state a claim.

Finally, the Court agrees that the FAC fails to allege any facts supporting a nexus between Plaintiff's disability and his termination.  As Defendant points out, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

not clear from the FAC that Defendant even knew Plaintiff was suffering from stress and anxiety.  Plaintiff points to the day he suffered a mild stroke at work as showing that Defendant must have had knowledge of his disability.  But one health-related incident does not equate with knowledge of an ongoing disability.  Even if the FAC had alleged knowledge on the part of Defendant, however, it would still fail for the reasons discussed above with respect to the gender discrimination claim.  Plaintiff fails to allege any facts that might show he was terminated because of his disability beyond insufficient, conclusory statements.

Accordingly, the Court concludes that it must **GRANT** the Motion with respect to Plaintiff's disability discrimination claim.  As with the gender discrimination claim this dismissal is *with leave to amend*.

### c.  *Retaliation*

"To establish a prima facie case [for retaliation], the plaintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action."  *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476, 4 Cal. Rptr. 2d 522 (1992).

Plaintiff's FAC alleges that all of Defendant's actions in response to his filing of a workers' compensation claims were a "course of retaliatory conduct."  (FAC ¶ 94).  Defendant argues that Plaintiff must show that his filing of the workers' compensation claims was the "but for" cause of his termination.  (Motion at 12).  But this is incorrect as a matter of California law.  *See Alamo v. Practice Mgmt. Info. Corp.*, 219 Cal. App. 4th 466, 478, 161 Cal. Rptr. 3d 758 (2013) ("[T]he plaintiff in an employment discrimination action arising under the FEHA is not required to prove 'but for' causation to establish liability, but rather must show by a preponderance of the evidence that discrimination was a 'substantial motivating factor' in the adverse employment decision.").  Even under this lesser standard, however, the Court agrees that Plaintiff's claim fails.  As with his other FEHA claims, this allegation suffers from a general failure to support the claim with any facts.  Plaintiff merely concludes that he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

was fired because of his workers' compensation claims, but fails to factually allege a causal connection between the filings and his ultimate termination. Plaintiff has failed to plead "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Accordingly, the Court concludes that the Motion must be **GRANTED** with respect to this claim. The dismissal is *with leave to amend*.

### d. *Failure to Prevent*

Plaintiff's final claim under FEHA is for failure to prevent discrimination and/or retaliation. "There can be no violation of 12940(k) absent a finding of actual discrimination or harassment." *Abdul-Haqq v. Kaiser Found. Hosps.*, 2015 WL 335863, at *2 (N.D. Cal. Jan. 23, 2015); *see also Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289, 73 Cal. Rptr. 2d 596 (1998) ("[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen . . . ."). Because this cause of action necessarily depends on the already-dismissed discrimination and retaliation claims, the Court must **GRANT** the Motion with respect to this claim as well. This dismissal is *with leave to amend*.

### 3. Wrongful Termination in Violation of Public Policy

Plaintiff also brings a cause of action under California law for wrongful termination in violation of public policy. To support that claim Plaintiff must allege that "his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256, 32 Cal. Rptr. 2d 223 (1994). Plaintiff's claim depends on his claims for discrimination and retaliation. Those are the policies "embodied in a statute" he alleges were violated when he was terminated. (FAC ¶¶ 42–47). Because the Court has already concluded that those allegations fail as a matter of law, this claim must also be dismissed *with leave to amend*. *See Furtado v. United Rentals Inc.*, 2015 WL 4452502, at *6 (N.D. Cal. July 20, 2015) ("To have a common

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

law remedy for wrongful termination based on the public policy embodied in a statute, a claimant must be entitled to coverage under that statute.").

### 4. Wrongful Termination in Violation of an Implied Employment Agreement

Plaintiff alleges that during his employment there existed an implied agreement between him and Defendant that Plaintiff could not be fired but for good cause, that Defendant would not discriminate against him based on his gender or retaliate against him, and that Plaintiff would be able to continue his employment so long as he carried out his duties competently.  (FAC ¶ 54).

California Labor Code § 2922 states, "An employment, having no specified term, may be terminated at the will of either party on notice to the other . . . ." Cal. Lab. Code § 2922.  At-will employment gives an employer wide latitude to terminate an employee's contract. *See Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386, 88 Cal. Rptr. 2d 802 (1999) ("[Without] any evidence of the duration or term of employment under a written or oral agreement, there is a statutory presumption that employment is terminable at will, and a contract of employment may be ended at any time at the option of either party.").  The presumption of at-will employment can be overcome with evidence of an implied contract.  The California Supreme Court has identified several factors relevant in determining the existence of an implied contract including "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 680, 254 Cal.Rptr. 211 (1988).

Plaintiff makes one factual allegation with respect to this claim: that he was told upon his commencement of employment that so long as he competently performed his duties he would not be fired.  (FAC ¶ 56).  Plaintiff also seems to insinuate that some writings exist that might embody the implied contract.  (FAC ¶ 55).  Plaintiff never alleges what those writings contain, so that allegation adds nothing to the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1100-MWF(FFMx)					Date: June 6, 2017
Title:	Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

Analyzing the claim under the factors enumerated above, the Court concludes that Plaintiff has failed to state a claim. As to the policies of Defendant, Plaintiff has failed to allege why any policies might have led to the at-will presumption being overcome. Plaintiff worked for Defendant for less than one year, so longevity of service weighs against a finding overcoming the presumption. *Cf. Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 713–14 (N.D. Cal. 2014) (dismissing a claim for an implied contract for an employee who had worked at the defendant-company for twenty years, and stating, "longevity of service and good performance reviews alone are not enough to prove the existence of an implied contract"). Plaintiff has alleged that someone else who worked for Defendant told him that he would not be fired if he performed competently. And Plaintiff fails to allege anything concerning the practices of the industry. So, in total, one of the factors weighs somewhat in favor of Plaintiff. Under the totality of the circumstances this is insufficient to overcome the at-will presumption. To the extent the claim relies on the allegations of discrimination and retaliation the Court has already dismissed those claims.

Accordingly, the Court **GRANTS** the Motion with respect to this claim. Like the prior claims this dismissal is ***with leave to amend***.

### 5. Loss of Consortium

Plaintiff's wife brings a claim for loss of consortium. As an initial matter, such a claim cannot be predicated on a FEHA violation. *See Smith v. Northrop Grumman*, 60 F. Supp. 3d 1051, 1057 (N.D. Cal. 2014) ("A loss of consortium claim cannot flow from a FEHA claim because the FEHA provides protection for 'employees,' not their spouses."). "In California, each spouse has a cause of action for loss of consortium caused by a negligent or intentional injury to the other spouse by a third party." *Id.* (citing *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 408, 115 Cal.Rptr. 765, (1974)). Plaintiff's wife has failed entirely to plead any negligent or intentional injury here. The claim must fail.

Accordingly, the Court **GRANTS** the Motion with respect to Plaintiff's wife's loss of consortium claim. This dismissal is ***with leave to amend***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF(FFMx)                    Date:  June 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

### 6. Punitive Damages

Finally, Defendant seeks to strike Plaintiff's punitive damages claim.  To seek punitive damages, a plaintiff must factually allege "oppression, fraud, or malice."  Cal. Civil Code § 3294.  The Court agrees that Plaintiff's single allegation that his termination was "done with intent to cause injury to Plaintiff" and was "oppressive, malicious and despicable" is entirely inadequate.  In addition, because the Court has dismissed each of Plaintiff's claims there is no claim left on which he could recover punitive damages.

The Court **GRANTS** the Motion with respect to Plaintiff's request for punitive damages *with leave to amend*.

## III.  CONCLUSION

Accordingly, the Court **DENIES** the Motion to Remand, and **GRANTS** the Motion to Dismiss in its entirety *with leave to amend*.  Plaintiff shall file a Second Amended Complaint by **June 26, 2017**.

The Court again warns Plaintiff that no further leave to amend will be granted.