UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 17-1100-MWF (FFMx) | Date:  December 6, 2017 |
| Title: | Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Connie Lee

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE DEFENDANT'S MOTION TO DISMISS [29]

Before the Court is Defendant Gate Gourmet, Inc.'s ("Gate Gourmet") Motion to Dismiss, filed on July 10, 2017. (the "Motion" (Docket No. 29)). Plaintiff filed an Opposition and Defendant filed a Reply. (Docket Nos. 30–31).

The Court has read and considered the filings and held a hearing on August 28, 2017. For the reasons stated below the Motion is **GRANTED** in its entirety *without leave to amend.*

## I.   BACKGROUND

Plaintiff Adolfo Estrada was employed by Gate Gourmet as a Human Resources Generalist from September 15, 2014 until Gate Gourmet terminated his employment on August 13, 2015. (SAC ¶¶ 9, 51). Prior to joining Gate Gourmet, Plaintiff had gained more than eight years of work experience (positions or nature of work unspecified) and had "additional training in Human Resources." (*Id.* ¶ 13).

In mid-December 2014, James Anderson, a male and Plaintiff's supervisor at the outset of Plaintiff's employment, told Plaintiff that he had been hired because he is a man and because Anderson wanted to reduce the "cattiness" in the office. (*Id.* ¶ 11). Anderson resigned a few weeks later, and Andrea Jones became Plaintiff's supervisor at this point. (*Id.* ¶¶ 14-15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.   CV 17-1100-MWF (FFMx)**                    **Date:  December 6, 2017**
**Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.**

Immediately upon Jones taking over Anderson's supervisory duties, Plaintiff began noticing that Jones was "acting biased towards him compared to his female co-workers." (*Id.* ¶ 15). Plaintiff alleges that he was generally treated unfairly vis-à-vis his female co-workers and that Jones and/or other female co-workers displayed discriminatory attitudes toward males on unspecified occasions:

- Jones "was delegating more work to [Plaintiff] than … his female co-workers." (*Id.* ¶ 16). At the same time that she increased Plaintiff's workload, she reduced the workload for his human resources department co-workers, all of whom were "females, had the same job title, position, duties, pay rate and responsibilities as [Plaintiff]." (*Id.* ¶ 24). When a co-worker took medical leave, Jones assigned her work to Plaintiff rather than dividing it up among him and his female co-workers. (*Id.* ¶ 25).

- Plaintiff requested that Jones provide him "assistance and guidance" in handling his growing workload. Despite "assisting and guiding his female co-workers, who had the same duties, positions, titles and responsibilities as [Plaintiff]," Jones refused to do the same for Plaintiff. (*Id.* ¶ 17; *see also id.* ¶¶ 24, 27).

- Jones "excluded [Plaintiff] from participating [in] and attending" human resources department " 'get togethers' and/or work outings where the Department would bond and have team building exercises" and "instead directed [Plaintiff] to complete work assignments during that time period." (*Id.* ¶ 18).

- Jones and other female co-workers would stop talking or walk away if Plaintiff attempted to join a conversation. (*Id.* ¶ 19).

- Jones called Plaintiff "sweetie" or "honey." She did not call female employees those names. (*Id.* ¶ 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-1100-MWF (FFMx)     **Date:** December 6, 2017
**Title:** Adolfo Estrada, et al. *-v-* Gate Gourmet, Inc. et al.

- On unspecified occasions Plaintiff "would overhear Ms. Jones and his female co-workers making jokes about the male penis" or "gossiping about males at Gate Gourmet, suggesting they were sleeping with other people," and on one occasion Plaintiff "overheard" Jones refer to another male employee as an "idiot." (*Id.* ¶¶ 22-23).

The SAC says nothing about the nature of Plaintiff's day-to-day tasks at Gate Gourmet, but Plaintiff alleges that he was not able to complete the "impossible" amount of work that Jones had assigned him. (*Id.* ¶¶ 25, 27).

On February 3, 2015, "a piece of firming trim hit [Plaintiff] on the back of the head" while he was at work, and he filed a worker's compensation claim for the unspecified injuries he suffered. (*Id.* ¶ 27). "Thereafter, the discrimination against [Plaintiff] increased"; it came in the form of the assignment of more work that "was impossible to complete" and Jones "wrongfully blaming [Plaintiff] for incomplete work and/or lost evidence that he was not even responsible for." (*Id.* ¶¶ 27-28).

On March 10, 2015, Jones told Plaintiff that "maybe this position is not for you," and said that he needed to find another job within the next 90 days or would be "forced to resign" at the end of that period. (*Id.* ¶ 29). On March 23, 2015, Plaintiff emailed Jones' supervisor, William McGowan, reporting "that the increasing discrimination and retaliation he was experiencing at Gate Gourmet was causing stress, anxiety and loss of sleep and request[ing] an investigation into the discrimination…" (*Id.* ¶ 31). Plaintiff received no response. (*Id.*).

On April 21, 2015, McGowan met with Plaintiff and, on Jones' recommendation, placed him on a 60-day "performance improvement plan" ("PIP"), pursuant to which Plaintiff was required to meet with Jones every two weeks to discuss his progress. (*Id.* ¶ 32). Plaintiff met with Jones every two weeks, but "refused to sign the PIP because he did not agree with Jones' remarks relative to his job performance." (*Id.* ¶ 35). During these meetings, Plaintiff continued to complain about the workload and lack of training, and Jones "continued her refusal to assist [Plaintiff] and rather, delegated even more work and responsibilities to him." (*Id.*). During one meeting, on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF (FFMx)                    Date:  December 6, 2017
Title:     Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

May 11, 2015, Jones denied Plaintiff's request to take an " 'OL 101' training course that all of his female co-workers had participated in." (*Id.* ¶ 36).

On May 28, 2015, Plaintiff sent an email to one or more unspecified persons affiliated with Gate Gourmet to communicate his concerns about the PIP, his workload, and his relationship with Jones. (*Id.* ¶¶ 36-38).

In June 2015, Jones told Plaintiff that he was required to work the graveyard shift (9:15 p.m. to 6:15 a.m.) or else resign. (*Id.* ¶¶ 39-40). Though he explained that this was difficult for him because he had to take his children to school in the morning, he was scheduled to work the graveyard shift for ten days per month, whereas "his female co-workers with the same title, position, duties and rate of pay, were only scheduled five … days per month…" (*Id.*).

Plaintiff was experiencing "extreme stress and anxiety" and "large amounts of sleep deprivation." (*Id.* ¶¶ 41-42). On July 2, 2015, Plaintiff felt face and arm numbness while at work. (*Id.* ¶ 42). He feared he was experiencing a heart attack or stroke and asked a manager if he could go to the hospital immediately. (*Id.*). The manager denied the request and told Plaintiff to write a report. (*Id.*). Plaintiff then asked Gate Gourmet's finance manager and safety director if he could go to the hospital and his request was granted. (*Id.*). He learned at the hospital that he had suffered a "mild stroke." (*Id.*).

Later that day, after his hospital visit, Plaintiff received a voicemail from Jones and McGowan informing him that he had been suspended for job abandonment. (*Id.* ¶ 43). When Plaintiff called McGowan back, McGowan told him that he should not return to work until receiving further notice and that he could submit a written statement about the incident if he wished. (*Id.*).

The next day (July 3, 2015), Plaintiff filed another workers' compensation claim "for the injuries he sustained, to wit, mild stroke, panic attacks, shortness of breath, depression and loss of sleep…" (*Id.* ¶ 44).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-1100-MWF (FFMx) | **Date:** December 6, 2017 |
| **Title:** Adolfo Estrada, et al. *-v-* Gate Gourmet, Inc. et al. | |

A few days later, Plaintiff was told he could return to work, but only to work the graveyard shift. (*Id.* ¶ 45). On August 11, 2015, Plaintiff met with Jones to discuss the PIP, which Plaintiff believed had been completed but Jones explained was ongoing. (*Id.* ¶ 46). During this meeting, Plaintiff "explain[ed] that he was frustrated in the way that his job performance was being overly scrutinized despite his belief that he was completing his work to the best of his ability and despite Gate Gourmet's continued refusal to adequately train him for his position." (*Id.*).

On August 13, 2015, Plaintiff filed another workers' compensation claim, "citing injuries to his psyche, cerebrovascular system, abdomen and repetitive trauma." (*Id.* ¶ 47). On the same day, Jones met with Plaintiff and notified him that Gate Gourmet was terminating his employment. (*Id.* ¶ 48). Plaintiff "was given a termination letter stating that since he was placed on the April 21, 2015 [PIP], there had been minimal improvement and in some areas, no improvement." (*Id.*). It is not clear what happened first, the August 13 workers' compensation claim or the termination; in his original Complaint, Plaintiff first alleged that he was terminated and then alleged that he filed a workers' compensation claim. (Complaint ¶¶ 54-55).

Plaintiff alleges that because he "was timely completing assignments and complying with all requests made by Gate Gourmet relative to his employment, Gate Gourmet's decision to terminate [his] employment was simply as a result of his gender." (SAC ¶ 49). Plaintiff also alleges that "Gate Gourmet's decision to terminate [him] was in part, in retaliation for his July 3, 2015 and August 13, 2015 workers' compensation claims…" (*Id.* ¶ 51).

Plaintiff asserts the following California state law claims: (1) wrongful termination in violation of public policy; (2) wrongful termination in violation of implied employment agreement; (3) gender discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; (4) disability discrimination in violation of the FEHA; (5) retaliation in violation of the FEHA; (6) failure to prevent discrimination in violation of the FEHA. (SAC ¶¶ 53-116).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1100-MWF (FFMx)            Date: December 6, 2017
Title:     Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

## II. ANALYSIS

### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307, at *2 (9th Cir. Sept. 27, 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-1100-MWF (FFMx) | Date: December 6, 2017 |
| Title: Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al. | |

Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### B. Discussion

#### 1. FEHA Claims

##### a. *Gender Discrimination*

To state a claim for gender discrimination under FEHA, a plaintiff must allege that he suffered "an adverse employment action, such as termination, demotion, or denial of an available job" and that "some other circumstance suggests discriminatory motive" for the adverse action. *Guz v. Bechtel Nat'l. Inc.*, 24 Cal. 4th 317, 355, 100 Cal. Rptr. 2d 352 (2000). Put another way, a plaintiff must factually allege a "set of circumstances that, if unexplained, permit an inference that it is more likely than not the employer intentionally treated the employee less favorably than others on prohibited grounds." *Jones v. Dep't of Corr. & Rehab.*, 152 Cal. App. 4th 1367, 1379, 62 Cal. Rptr. 3d 200 (2007). This requires pleading a "nexus" between the alleged discriminatory conduct that led to the termination and the plaintiff's gender. *Id.* at 1380.

Under the FEHA, a plaintiff may establish a prima facie case of discrimination either by adducing direct evidence of discriminatory intent, or by satisfying the first prong of the burden-shifting test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973*). See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2004) ("For a prima facie case, Vasquez must offer evidence that 'give[s] rise to an inference of unlawful discrimination,' either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent"); *Guz*, 24 Cal.4th at 354 ("This so-called *McDonnell Douglas* test reflects the principle that direct evidence of intentional discrimination is rare, and that such claims must usually be proved circumstantially"). One common way a plaintiff might meet the discriminatory intent element of a prima facie case is to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1100-MWF (FFMx)          Date: December 6, 2017
Title:     Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

plausibly allege that "similarly-situated individuals outside [his] protected class were treated more favorably." *Day v. Sears Holding Corp.*, 930 F. Supp. 2d 1146, 1161 (C.D. Cal. 2013) (discussing the prima facie case under FEHA for claims of gender discrimination). This is essentially the path that Plaintiff has chosen.

Defendant argues that Plaintiff has failed to state a claim under this standard. Primarily, Defendant argues that the SAC is devoid of facts suggesting discrimination and that Plaintiff has not plausibly alleged the existence of any nexus between his termination and his gender. The Court agrees. There are obvious non-discriminatory explanations for Plaintiff's termination, and the SAC contains no factual content suggesting that discrimination was the actual reason.

As an initial matter, the only "adverse employment action" referenced in the SAC is the August 13, 2015 termination. Though it is referenced throughout the SAC and in Plaintiff's Opposition, Plaintiff's placement on the PIP was not an adverse employment action in and of itself. *See Cozzi v. County of Marin*, 787 F. Supp. 2d 1047, 1061 (N.D. Cal. 2011) (neither written warning nor performance improvement plan met "the definition of negative employment action because neither incident resulted in a significant change in employment status."). Plaintiff does not even allege who made the ultimate decision to terminate him, let alone that this person was motivated by any gender-based discriminatory animus. In light of the fact that the termination letter Plaintiff received cited his failure to show adequate improvement after being placed on the PIP, it is much more probable that the ultimate decisionmaker (whoever it was) was motivated by performance concerns rather than illicit animus.

The Court recognizes that Plaintiff's theory of this case is not necessarily that Jones herself *fired* him, but that she "had it out for him" and initiated a series of events that led to his ultimate downfall at Gate Gourmet – *e.g.,* assigning him a lot of work, scrutinizing that work, declining to provide him training or assistance, recommending that he be placed on the PIP. (*See* SAC ¶ 50) (Jones' placement of Plaintiff on the PIP had the effect of "setting him up for failure."). Even assuming that Plaintiff would not have been terminated but for Jones placing him on the PIP and so forth, Plaintiff fails

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF (FFMx)                    Date:  December 6, 2017
Title:     Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

to plausibly allege that the reason Jones treated him the way she treated him was *because* he is a man.

*First*, it is not even clear from the SAC that Plaintiff was treated unfavorably compared to similarly situated female employees in any tangible respect.  The SAC does not describe what Plaintiff's human resources job at Gate Gourmet actually entailed, his work experience, his co-workers' work experience, who his allegedly similarly situated co-workers were or how many of them there were, the nature or number of the assignments they were each given, or the nature of the training he hoped to receive.  It is therefore impossible to evaluate whether Plaintiff and the alleged female comparators (whoever they were and however many of them there were) were similarly situated or whether he was treated unfavorably in any material way.

*Second*, assuming that the unnamed female co-workers were similarly situated and assuming Plaintiff was, in comparison, treated unfavorably in any substantive way, Plaintiff has not plausibly alleged that he was treated unfavorably because of his gender.

Certainly, the isolated off color remarks about male genitalia and the like that Plaintiff claims to have "overheard" Jones and/or other female co-workers making at unspecified times does not establish animus against Plaintiff (who the comments were seemingly not directed at) based upon his gender.  *See Clark County School Dist. v. Breeden*, 532 U.S. 268, 271 (2001) ("a recurring point in our opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment") (internal quotation marks, citations, and alterations omitted).

Apart from the attempt to establish gender-based animus through the allegations about offhand bawdy comments that he "overheard," Plaintiff attempts to establish Jones' discriminatory intent by alleging that she treated him less favorably than his allegedly similarly situated female co-workers – *e.g.*, she gave him more work than them and refused to offer him the training that they had received.  However, even assuming Plaintiff and his female co-workers were otherwise similarly situated and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1100-MWF (FFMx)						Date:  December 6, 2017
Title:     Adolfo Estrada, et al. *-v-* Gate Gourmet, Inc. et al.

Plaintiff was treated less favorably, the allegations in the SAC and Plaintiff's prior pleadings are far more consistent with Jones treating Plaintiff unfavorably because he was not keeping up with his work and/or Plaintiff and Jones having a personality conflict than with Jones harboring some discriminatory animus against men that caused her to mistreat Plaintiff.

Though the nature of his assignments is not clear, Plaintiff alleges throughout the SAC that he was unable to complete them.  (*See* SAC ¶¶ 17, 18, 25).  In his prior pleadings, Plaintiff alleged there was "an incident between himself and Ms. Jones where they both raised their voices at each other," and that Jones "dislike[d] him." (Complaint ¶ 21; FAC ¶ 21).   The FEHA does not guard against heavy workloads, harsh management, or personality conflicts in the office.  *See, e.g., Cozzi*, 787 F. Supp. 2d at 1066-67 (Title VII and FEHA "does not set forth a general civility code for the American workplace" and does not "immunize … employee from those petty slights or minor annoyances that often take place at work, and that all employees experience, which include personality conflicts that generate antipathy, snubbing by supervisors and co-workers, and simple lack of good manners.") (internal quotation marks, citations, and alterations omitted).  Jones' and Gate Gourmet's treatment of Plaintiff could have been unreasonable, unwise, or misguided, but there is no liability under the FEHA so long as it was not the result of discriminatory animus based upon Plaintiff's protected characteristic.  *See, e.g., Day*, 930 F. Supp. 2d at 1169 ("Under FEHA, defendant's true reasons, 'if nondiscriminatory, … need not necessarily have been wise or correct.'") (quoting *Guz*, 24 Cal. 4th at 358).  The SAC does not plausibly allege that it was.

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiff's gender discrimination claim.

### b. *Disability Discrimination*

"On a disability discrimination claim, the prima facie case requires the plaintiff to show he or she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-1100-MWF (FFMx) | Date: December 6, 2017 |
| Title: Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al. | |

accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Wills v. Super. Ct.*, 195 Cal. App. 4th 143, 159–60, 125 Cal. Rptr. 3d 1 (2011). The plaintiff "must at least show actions taken by the employer from which one can infer, if such actions remained unexplained, that it is more likely than not that such actions were based on a [prohibited] discriminatory criterion[.]" *Guz*, 24 Cal. 4th at 355.

As the Court previously noted in connection with the motion to dismiss Plaintiff's FAC, an "undesirable workplace environment" claim does not exist under California law. *See Higgins-Williams v. Sutter Med. Found.*, 237 Cal. App. 4th 78, 84, 187 Cal. Rptr. 3d 745 (2015) (""An employee's inability to work under a particular supervisor because of anxiety and stress related to the supervisor's standard oversight of the employee's job performance does not constitute a disability under FEHA."). In addition, the Court concluded that Plaintiff failed to adequately allege that he could perform the duties of his job with or without accommodation. Finally, the Court found no alleged nexus between Plaintiff's disability and his termination.

Even assuming that Plaintiff's alleged disabilities of "extreme stress and anxiety," "panic attacks" and "depression" (*See* SAC ¶¶ 87, 95), constitute "disabilities" within the meaning of the FEHA, the SAC fails to plausibly allege that he was able to perform his job with or without reasonable accommodations or that he was terminated *because of* his "disabilities." As with the FAC, the SAC merely parrots the statutory language in alleging that Plaintiff was able to perform the essential duties required of him. (SAC ¶ 95). This failure dooms his claim. *See Robinson v. HD Supply, Inc.*, 2012 WL 3962502, at *5 (E.D. Cal. Sept. 10, 2012) (granting motion to dismiss disability discrimination claim where plaintiff failed to "allege facts from which a reasonable inference could be drawn that he could perform the essential duties of the job with or without reasonable accommodations for his disability"). That conclusory allegation is also inconsistent with Plaintiff's other allegations that he was unable to complete his assigned tasks (whatever they were) from essentially the moment that Jones took over as his supervisor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1100-MWF (FFMx)                Date: December 6, 2017
Title:    Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al.

Nor has Plaintiff plausibly alleged any nexus between his alleged disabilities and Gate Gourmet's decision to terminate his employment. Indeed, there is no allegation that anyone affiliated with Gate Gourmet who actually participated in, or who was in a position to participate in, the decision to terminate Plaintiff's employment even knew about Plaintiff's alleged disabilities. Without any allegations suggesting something as basic as knowledge of the alleged disabilities by some relevant actor, *a fortiori*, there is no plausible nexus between the alleged disabilities and the termination.

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiff's disability discrimination claim.

### c. *Retaliation*

"To establish a prima facie case [for retaliation], the plaintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476, 4 Cal. Rptr. 2d 522 (1992).

The Court previously concluded that Plaintiff's retaliation claim in his FAC failed because Plaintiff did not plausibly allege a causal connection between his workers' compensation filings (the only things he claims to have been retaliated against for) and his ultimate termination. Yet Plaintiff makes, verbatim, the same allegations in his SAC that he made in his FAC. Again, Plaintiff has failed to plausibly allege any nexus between his workers' compensation filings and his termination. As with the disability discrimination claim, he does not even allege that those who made the decision to terminate him, or who were in a position to contribute to that decision, even knew about his worker's compensation applications.

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiff's retaliation claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-1100-MWF (FFMx) | Date: December 6, 2017 |
| Title: Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al. | |

### d. *Failure to Prevent*

Plaintiff's final claim under FEHA is for failure to prevent discrimination and/or retaliation pursuant to section 12940(k). "There can be no violation of 12940(k) absent a finding of actual discrimination or harassment." *Abdul-Haqq v. Kaiser Found. Hosps.*, 2015 WL 335863, at *2 (N.D. Cal. Jan. 23, 2015); *see also Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289, 73 Cal. Rptr. 2d 596 (1998) ("[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen . . . ."). Because this failure to prevent claim is entirely derivative of the already-dismissed discrimination and retaliation claims, it must be dismissed as well.

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiff's failure to prevent claim.

### 2. Wrongful Termination in Violation of Public Policy

Plaintiff also brings a claim under California law for wrongful termination in violation of public policy. To support that claim Plaintiff must allege that "his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256, 32 Cal. Rptr. 2d 223 (1994). This claim is entirely dependent on Plaintiff's claims for discrimination and retaliation. Those are the policies "embodied in a statute" he alleges were violated by way of his termination. Because the Court has already concluded that those allegations fail as a matter of law, this claim must also be dismissed. *See Furtado v. United Rentals Inc.*, 2015 WL 4452502, at *6 (N.D. Cal. July 20, 2015) ("To have a common law remedy for wrongful termination based on the public policy embodied in a statute, a claimant must be entitled to coverage under that statute.").

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiff's wrongful termination in violation of public policy claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-1100-MWF (FFMx) | Date:  December 6, 2017 |
| Title: Adolfo Estrada, et al. -v- Gate Gourmet, Inc. et al. | |

### 3. Wrongful Termination in Violation of an Implied Employment Agreement

Plaintiff alleges that during his employment there was an implied agreement between him and Gate Gourmet that Plaintiff could not be fired absent good cause, that Gate Gourmet would not discriminate against him based upon his gender or retaliate against him, and that Plaintiff would be able to continue his employment so long as he carried out his duties competently.  (SAC ¶ 65).

Section 2922 of the California Labor Code provides that "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other . . . ." Cal. Lab. Code § 2922.  At-will employment gives an employer wide latitude to terminate an employee's contract.  *See Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386, 88 Cal. Rptr. 2d 802 (1999) ("[Without] any evidence of the duration or term of employment under a written or oral agreement, there is a statutory presumption that employment is terminable at will, and a contract of employment may be ended at any time at the option of either party.").

A plaintiff may overcome the presumption of at-will employment with evidence of an implied contract.  The California Supreme Court has identified several factors relevant in determining the existence of an implied contract including "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 680, 254 Cal. Rptr. 211 (1988).

The Court previously concluded that this claim failed because Plaintiff failed to allege why any policies might have led to the at-will presumption being overcome. And to the extent the allegations rely on Plaintiff's claims for discrimination and retaliation, those claims have already been dismissed.  The SAC adds almost nothing new to this claim, and Plaintiff still fails to allege the contents of any written documents (either documents provided to him by Gate Gourmet, or agreements to which he and Gate Gourmet are parties) that might embody the alleged implied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 17-1100-MWF (FFMx) | **Date:**  December 6, 2017 |
| **Title:**     Adolfo Estrada, et al. -*v*- Gate Gourmet, Inc. et al. | |

contract.  Plaintiff's short tenure with Defendant and his failure to allege anything concerning industry practice or custom still militate in favor of dismissal.  The SAC has not materially altered the allegations, and the Court's conclusion remains the same.

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiff's wrongful termination in breach of an implied employment agreement claim.

### III.   CONCLUSION

For the reasons discussed above, the Motion is **GRANTED** in its entirety *without leave to amend*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.